UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

SAM SANDERS,

        Petitioner,               Case No. 2:15-cv-147

v.                                    Honorable Gordon J. Quist

JEFFREY WOODS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner Sam Sanders is incarcerated at Chippewa Correctional Facility (URF). Petitioner was convicted of third-degree criminal sexual conduct, fourth-degree criminal sexual conduct, harboring a runaway, and habitual offender fourth offense, on April 28, 2011. Petitioner's direct appeal was denied by the Michigan Court of Appeals on August 16, 2012, and by the Michigan Supreme Court on December 26, 2012. *See People of Michigan v. Sam Daniel Sanders*, Michigan Court of Appeals No. 303989 and Michigan Supreme Court No. 145920.

Petitioner filed a motion for relief from judgment on October 23, 2013, in the Calhoun County Circuit Court, which was denied. Petitioner's subsequent appeal was denied by the Michigan Court of Appeals on April 2, 2014, and by the Michigan Supreme Court on March 25, 2015. *See People of Michigan v. Sam Daniel Sanders*, Michigan Court of Appeals No. 320827 and Michigan Supreme Court No. 149299. Petitioner filed his application on or about October 12, 2015.[1]

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 12, 2015, and it was received by the Court on October 16, 2015. Thus, it must have been handed to prison officials for mailing at some time between October 12, 2015 and October 16, 2015. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on December 26, 2012. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327,

332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 26, 2013**.**

Petitioner had one year from March 26, 2013, to file his habeas application or to otherwise toll the running of the statute of limitations. Petitioner took no action until 211 days later, on October 23, 2013, when he filed his motion for relief from judgment in the Calhoun County Circuit Court. Petitioner subsequently filed appeals in both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner's appeal to the Michigan Supreme Court was denied on March 25, 2015. At this point, Petitioner had 154 days left in the statute of limitations period, or until August 26, 2015. Petitioner filed his habeas corpus petition on October 12, 2015. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period, does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995) is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations, rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Petitioner merely asserts that his trial counsel was ineffective when he failed to produce an expert DNA analyst at trial, or to have DNA taken from the complainant's rape kit submitted for analysis. In considering Petitioner's direct appeal in this case, the Michigan Court of Appeals stated:

> A jury convicted defendant of harboring a runaway, MCL 722.151; fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); and third-degree criminal sexual conduct, MCL 750.520d(1)(a). The trial court sentenced defendant as an habitual offender, fourth offense, MCL 769.12, to concurrent sentences of one year in jail for harboring a runaway, 46 to 180 months' imprisonment for fourth-degree criminal sexual conduct, and 25 to 40 years' imprisonment for third-degree criminal sexual conduct. Defendant appeals as of right, challenging only his conviction for third-degree criminal sexual conduct. We affirm.
>
> The victim, a 14-year-old girl with cognitive disabilities and speech and hearing impairments, was picked up by defendant and the two spent the night at his house. There was evidence that, during this time, the victim was menstruating.
>
> Acting on a tip, police arrived at defendant's house the following morning and, after finding the victim there naked, arrested him. Defendant initially told police that he just met the victim because a car she and a friend of hers were using had broken down, and they sought shelter at his home, but the friend was able to get another ride and left. But later, defendant changed his story and said that the victim was a runaway because her family did not treat her well. He then also admitted that he had met her though her granddaughter, who goes to school with the victim, and talked with the victim before on the phone. During the police interview, the detective noticed that defendant had what appeared to be dried blood on his hands, with the heaviest concentration on defendant's right-hand index and middle finger. When asked about it, defendant initially told the detective that it was ketchup and started to rub his hands together, as if trying to rub the residue away. To preserve the potential evidence, the detective had defendant's hands swabbed. Defendant then claimed that it was his own blood from an injury he suffered from working on a car.

However, lab results later established that the residue on defendant's hand was the victim's blood.

The victim told police and a sexual-assault nurse that defendant's finger went inside her. But at trial, the victim equivocated somewhat and testified initially that she did not know whether there was penetration, and then testified that defendant touched and rubbed her vagina with his hand. After establishing with the victim that the word "coochie" was synonymous with the word "vagina," the prosecution then elicited the following testimony:

*Q.* Okay. Do you remember [the prosecutor at the preliminary examination] holding her hand up like this?

* * *

*Q.* Okay. I'm going to do that again for you, okay. . . . [I]f this is your cootchie what did his finger do? Show me, just like you showed at the preliminary exam, go ahead.

*A.* Like that.

*Q.* Okay. So you put it here, your finger right here?

*A.* (No audible response.)

*Q.* So is that inside a little bit?

*A.* (No audible response.)

*Q.* Is that a yes?

*A.* Mh-hm.

*Q.* Okay. Thank you . . . I know this is embarrassing. How did that feel when he did that?

*A.* It didn't feel right.

Then on cross-examination, the victim testified that, at some point, she felt defendant's fingernail inside her but was not sure which finger penetrated her or how deep the penetration was.

Defendant argues that the prosecution failed to introduce sufficient evidence from which a rational trier of fact could conclude beyond a reasonable doubt that

defendant's finger penetrated the victim, an essential element of third-degree criminal sexual conduct. MCL 750.520d. We disagree.

This Court reviews sufficiency of the evidence appeals de novo and "reviews the evidence in the light most favorable to the prosecution." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). The prosecution must introduce sufficient evidence for a rational trier of fact to find that the essential elements of the crime were proven beyond a reasonable doubt, which can be done with circumstantial evidence and the reasonable inferences arising therefrom. *Id.*; *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993). "All conflicts with regard to the evidence must be resolved in favor of the prosecution. Circumstantial evidence and reasonable inferences drawn from it may be sufficient to prove the elements of the crime." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005) (internal citations omitted).

Penetration is an essential element of a third-degree criminal sexual conduct charge. MCL 750.520d(1)(a). Penetration is "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . ." MCL 750.520a®. "According to the law, penetration is *any* intrusion, however slight, into the vagina *or* the labia majora." *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012) (emphasis in original, quotation marks omitted).

In this case, the victim testified that during the assault, defendant's finger went inside her and she felt his fingernail. Regardless of the fact that some of her other testimony seemed to contradict the evidence that penetration occurred, on appeal, conflicts in the testimony are resolved in favor of the prosecution. *Wilkens*, 267 Mich App at 738. Therefore, the victim's account of the assault, when viewed in a light most favorable to the prosecution, provided sufficient direct evidence to allow a jury to conclude beyond a reasonable doubt that penetration occurred.

Additionally, circumstantial evidence supported the victim's testimony as well. Specifically, defendant had the victim's blood on his hands, with the strongest concentration of the blood on his middle and index fingers. Since the victim was menstruating at the time, the blood on defendant's hands allows for a jury to reasonably infer that penetration occurred.

Lastly, "[a] jury may infer consciousness of guilt from evidence of lying or deception." *People v Unger*, 278 Mich App 210, 227; 749 NW2d 272 (2008). Here, there was evidence that defendant lied to the police in many aspects. Evidence was introduced that defendant lied to the police regarding how the victim ended up at his house. And defendant lied about the red substance on his hands and fingers, first claiming it was ketchup and then his own blood, when lab tests revealed that it was the victim's blood.

> We hold, therefore, that when viewing all of the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that defendant's finger intruded, however slightly, into the victim's vagina or labia majora.
>
> Affirmed.

*People v. Sanders*, Michigan Court of Appeals No. 303989.

The undersigned notes that DNA evidence from the complainant's rape kit does not appear to be at issue in this case and such evidence would not support a finding of actual innocence. Petitioner's habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  November 9, 2015                           /s/ TIMOTHY P. GREELEY
                                                   Timothy P. Greeley
                                                   U.S. Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).