UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAM SANDERS,

        Petitioner,                      Case No. 2:15-CV-147

v.                                          HON. GORDON J. QUIST

JEFF WOODS,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 9, 2015, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the habeas petition filed by Petitioner as time-barred. Petitioner has filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

Petitioner objects to the magistrate judge's conclusion that he is not entitled to equitable tolling. The statute of limitations period for Petitioner to file a petition expired on August 26, 2015. Petitioner asserts that, because he cannot read or write, he contacted the legal writing program in July 2015 to assist him in preparing his petition. The legal writer believed that Petitioner had previously filed a petition, however, and filed an application for a second or successive petition with the Sixth Circuit rather than a petition with this Court. The legal writer did not learn of the mistake

until September 2015—after the statute of limitations deadline had passed—and prepared a new petition at that time. Petitioner argues that because his delay in filing was due to a mistake on the part of the legal writer, he is entitled to equitable tolling.

As the Sixth Circuit has noted, a habeas petitioner's "lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Moreover, Petitioner's reliance on the legal writer, who made a mistake in determining which type of document to file, is insufficient to justify equitable tolling. *See Brown v. Bauman*, No. 2:10-cv-264, 2012 WL 1229397, at *9 (W.D. Mich. Apr. 12, 2012). Although egregious behavior by an attorney may amount to an extraordinary circumstance that justifies equitable tolling. "a garden variety claim of excusable neglect" by an attorney does not justify equitable tolling. *Holland v. Florida*, 560 U.S. 631, 652, 130 S. Ct. 2549, 2564 (2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990)). Assuming that a legal writer can be equated with an attorney, an error in determining the right type of document to file does not rise to the level of misconduct that would justify equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595

(2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (dkt. #7) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (Dkt. #8) is **OVERRULED**.

A separate judgment will issue.

**This case is concluded.**

Dated: December 8, 2015 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE